**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **LISA ANN VAUGHN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO:** |
| **v.** | : | **7:26-cv-224–WLS** |
| | : | |
| **THOMAS COUNTY, GEORGIA, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| ______________________________ | : | |

## <u>ORDER</u>

On August 5, 2026, *pro se* Plaintiff Lisa Ann Vaughn filed a Verified Complaint for Civil Rights Violations (Doc. 1) ("Complaint') against Thomas County, Georgia, Thomas County Sheriff's Office; Thomas County Department of Family and Children Services; the following individuals in their individual and official capacities: Ulexia West, Yolonda Gurly, Alicia Jackson, Ms. Tippins a/k/a Brandy Nicole England, Taya Bow Ling, Taylor Walker Titus, Sheriff Tim Watkins, Deputy Hanberry, Lt. Investigator Ken Dennis; and Cindy Williamson Minjarez (collectively, "Defendants").

Presently before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form AO 239) (Doc. 2) ("IFP Application"). Also pending before the Court is Plaintiff's Request for Expedited Service of Emergency Motion for Temporary Restraining Order and Preliminary Injunction by United States Marshal Pursuant to 28 U.S.C. § 1915 (Doc. 3) ("TRO Service Motion").

For the following reasons, Plaintiff's IFP Application (Doc. 2) is **GRANTED**, and thus, Plaintiff's Complaint is ripe for preliminary review. The TRO Service Motion is **DENIED**.

## <u>DISCUSSION</u>

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an

affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the cost and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the sufficiency of the complaint, as required by 28 U.S.C. § 1915(e). *Id.*

## I. IFP APPLICATION

Beginning at the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff has no cash on hand and no money in any bank accounts or financial institutions (Doc. 2 at 2) and owns no assets (*Id.* at 3). Plaintiff lists monthly expenses of $850 but has not included an expense for food. (*Id.* at 4). Her only income is disability income of $940 per month. (*Id.* at 2). On these facts, the Court finds Plaintiff is exempt from prepaying filing fees under 28 U.S.C. § 1915(a).

Accordingly, Plaintiff's IFP Application (Doc. 2) is **GRANTED**.

## II. PLAINTIFF'S COMPLAINT

Plaintiff is the biological grandmother and "de facto custodian of L.G.V-C," Plaintiff's granddaughter. (Doc. 1 ¶ 5). Plaintiff is also the founder of ITZITart Medical Fund ("IMF"), a Georgia 501(c)(3) nonprofit company. (*Id.*). Plaintiff does not state that she has been awarded custody of L.G.V-C by court order.

On May 13, 2025, Thomas County Department of Family and Children Services ("DFACS") removed L.G.V-C from Plaintiff's custody on allegations that L.G.V-C was found wandering alone on Highway 19 at night. Plaintiff asserts this allegation is false. (*Id.* ¶ 24). The Dependency Removal Order signed by Brian D. Bellamy, Judge, Thomas County Juvenile Court, and entered June 5, 2025, states:

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

> The agency became involved with this family due to concerns of inadequate supervision allegations on 5/13/20 as the child was found wandering alone on Highway 19 at night. The agency made contact with the mother and grandmother who were charged with cruelty to children due to inadequate supervision and concern of drug use. It was reported that [L.G.V-C] did not just wander away but instead walked to Highway 19 after her mother told [her] to go find her grandmother. The mother was in jail at Bobby Hines Justice Center, and she was released today. The mother had signed a safety plan when she was in jail stating that the child could be placed at the home of Mrs. Cindy Minjarez. There are additional concerns about the child's safety due to additional information the agency received that the mother is possibly using methamphetamine. In assessing the grandmother as a possible caregiver there are concerns with the grandmother voluntarily leaving [L.G.V-C] with the mother who she states, "is always high on something" and there are concerns that the grandmother may also abuse substances. The agency has also attempted to screen other relatives unsuccessfully.

(Doc. 1 at 16).

Plaintiff alleges that she was physically banned from the Thomas County courtroom where L.G.V-C's dependency proceedings were conducted. Plaintiff asserts that as "L.G.V-C's biological grandmother and de facto custodian and a party with direct legal interest in those proceedings," this exclusion violated Plaintiff's constitutional right to due process and access to the Courts. (*Id.* ¶ 44). According to Plaintiff, "the judge presiding over L.G.V-C's case denied Plaintiff's filings on 14 separate occasions, based in part on criminal charges that arose directly from Plaintiff's protected petitioning activity." (*Id.*).

Plaintiff asserts the following claims:

Count I: Section 1983 claims against Defendants for violating her Fourteenth Amendment procedural due process rights by (1) removing L.G.V-C without serving any legal process on Plaintiff; (2) failing to produce any Emergency Removal Order for 23 days; (3) signing a Dependency Removal Order containing fabricated facts; (4) excluding Plaintiff from dependency proceedings; (5) charging Plaintiff with harassment for protected petitioning activity; and (5) denying 14 filings based on charges arising from protected activity. (*Id.* ¶ 49).

Count II: Violation of Plaintiff's Fourteenth Amendment substantive due process/ familial association rights. (*Id.* ¶ 50).

Count III: Violation of Fourth Amendment by seizing L.G.V-C without a valid warrant and continued detention of L.G.V-C. (*Id.* ¶ 51).

Count IV: Fabrication of Evidence/Judicial Deception in violation of the due process rights of both Plaintiff and L.G.V-C. (*Id.* ¶ 52).

Count V: Unlawful detention claim against Defendant Cindy Williamson Minjarez for allegedly holding L.G.V-C "without documented legal authority served on Plaintiff constituting unlawful detention of a child under color of state law." (*Id.* ¶ 53).

Count VI: Monell Municipal Liability asserting Thomas County, Thomas County Sheriff's Office and Thomas County DFACS maintain official policies that are the moving force behind every constitutional violation alleged in Plaintiff's Complaint. (*Id.* ¶ 54).

Count VII: First Amendment retaliation claims based on various alleged activities of Defendants including threats of false arrest and fabricated warrants; unauthorized $200 fee increase; courthouse exclusion; harassment charges for contacting DFACS; 14 denied filings; 13 months of coordinated social media harassment by named defendants under aliases; luring Plaintiff to trap locations multiple times; targeting her nonprofit with IRS harassment; and witness intimidation. (*Id.* ¶ 55).

Count VIII: Malicious prosecution and entrapment by luring Plaintiff to Defendant Minjarez's property under false pretenses and then arresting her on trespassing warrants.

Count IX: Violation of Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment based on complete denial of allowing Plaintiff to have any contact with L.G.V-C and other alleged actions. Plaintiff asserts such action constitutes cruel and unusual treatment of herself and L.G.V-C that shocks the conscience of any reasonable person. (*Id.* ¶ 57).

Count X: Conspiracy to deprive Plaintiff of equal protection of the law in violation of § 1985.

Count XI: Plaintiff "seeks a declaration that: (a) every order flowing from the May 13, 2025 removal is void as fruit of the poisonous tree; (b) L.G.V-C. is being held without documented legal authority; (c) Defendants violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985; and (d) Plaintiff's criminal charges arising from protected petitioning activity are constitutionally infirm and must be dismissed.

As further relief, Plaintiff seeks:

1. Immediate return L.G.V-C to Plaintiff's custody per the emergency temporary restraining order filing with the Complaint;

2. Compensatory damages of $100,000,000;

3. Punitive damages of $100,000,000;

4. Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

5. Referral of each individual Defendant to various state and federal agencies for investigation of their alleged unlawful conduct and public declaration naming each Defendant and their specific conduct for reporting by any news outlet.

## III. SUFFICIENCY OF THE COMPLAINT

Next, the Court reviews the sufficiency of the claims in Plaintiff's Complaint. In doing so, the Court accepts as true all factual allegations in the Complaint. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins v. Joy*, 782 F. App'x 892, 895 (11th Cir. 2019) (per curiam) (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). Moreover, because Plaintiff proceeds *pro se*, the Court construes the filings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). It is worth emphasizing, however, that this leniency does not give Plaintiff "special advantages not bestowed on other litigants," nor does it excuse Plaintiff from obeying all local and procedural rules, including those governing pleadings. *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The Court will neither be a *pro se* litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or fill in the blanks of a defective pleading, *see Brinson v. Colon*, 2012 WL 1028878, at *1 n.2 (S.D. Ga. Mar. 26, 2012) (internal quotation marks omitted) (citation omitted).

Further, notwithstanding any grant of IFP status, "the court shall dismiss the case at any time if the court determines that— . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e); *see Watkins*, 782 F. App'x at 893 ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks

omitted) (citation omitted)). Plaintiff must also comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**A. Rooker-Feldman**

Plaintiff seeks relief from the Dependency Removal Order entered June 5, 2025, by Brian D. Bellamy, Judge, Thomas County Juvenile Court. Specifically, Plaintiff asks that this Court order the immediate return of L.G.V-C to Plaintiff's custody and declaratory judgments finding that every order flowing from the May 13, 2025 removal is constitutionally void. Under *Rooker-Feldman*,[2] this Court lacks jurisdiction to grant Plaintiff such relief.

> The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court. The doctrine applies to claims that were actually raised in the state court and those inextricably intertwined with that state judgment.

*Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1315–16 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (internal quotation marks omitted) (citations omitted). It appears, as pled, that Plaintiff's claims here would be inextricably intertwined with state court proceedings, and Plaintiff has the ability to challenge termination of her alleged custodial rights[3] or such other state court orders which she seeks to void in the pending state court proceedings.

---

[2] The *Rooker–Feldman* doctrine arose out of two Supreme Court cases: *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] As previously noted, Plaintiff does not state whether she had custody of L.G.V-C through a court order or the basis for her custody of L.G.V-C.

Thus, to the extent Plaintiff's Complaint seeks to challenge final judgments entered by the Thomas County Juvenile Court or such other state court orders, Plaintiff's claims with respect thereto must be dismissed for lack of jurisdiction under the *Rooker-Feldman* Doctrine.

**B. *Younger* Abstention**

Plaintiff also seeks a declaratory judgment that Plaintiff's criminal charges "arising from protected petitioning activity are constitutionally infirm and must be dismissed." (Doc. 1 at 45). Under *Younger v. Harris*, 401 U.S. 37 (1971), the Court finds that it should abstain from interfering with any state criminal charges pending against Plaintiff.

> In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that a federal court should not act to restrain an ongoing state court criminal prosecution. By abstaining from exercise of their jurisdiction, the federal courts promote the value of comity between the states and the federal government and avoid unnecessary determinations of federal constitutional questions.

*Liedel v. Juv. Ct. of Madison Cnty., Ala.*, 891 F.2d 1542, 1546 (11th Cir. 1990) (some citations omitted). "*In Moore v. Sims*, 442 U.S. 415, 99 S. Ct. 2371, 60 L.Ed.2d 994 (1979), the Supreme Court held that the principles of *Younger* also apply in the context of state child custody cases involving child abuse[,]" and "[u]nder *Younger* and *Sims* federal district courts may not interfere with ongoing child custody proceedings." *Id.* Here, Plaintiff alleges constitutionally infirm criminal charges have been filed against her for engaging in protected petitioning activity. Plaintiff does not specify what criminal charges she is challenging. However, in any event, she alleges they are ongoing and wants this Court to dismiss those state charges. Under *Younger* and *Sims*, Plaintiff's Complaint must be dismissed to the extent it asks the Court to interfere with or dismiss state court criminal prosecutions.

**C. Remaining Allegations and Requests for Relief**

Plaintiff brings § 1983 claims against the above individuals in their individual and official capacities and against Thomas County, Georgia, Thomas County Sheriff's Office, and Thomas County DFACS.

Plaintiff alleges violations of L.G.V-C's constitutional rights as follows: Count III (seizing L.G.V-C without a valid warrant and continued detention of L.G.V-C); Count IV (fabrication of evidence/judicial deception in violation of due process rights of Plaintiff and

L.G.V-C); Count V (unlawful detention claim against Cindy Williamson Minjarez for holding L.G.V-C), and Count IX (cruel and unusual treatment of L.G.V-C and Plaintiff by not allowing Plaintiff to have any contact with L.G.V-C). An individual has a right to represent herself in a proceeding *pro se*, *see* 28 U.S.C. § 1654, and a parent may sue on behalf of a *minor* child, see Fed. R. Civ. P. 17(c), but "a nonlawyer parent has no right to represent a child in an action in the child's name." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448-49 (11th Cir. 2008) (per curiam). Based on her allegations, Plaintiff is not L.G.V-C's parent and the source of her alleged right to custody of L.G.V-C is not established. Thus, to the extent that any allegations are made or claims are filed on behalf of L.G.V-C, such allegations and claims are dismissed, without prejudice.

Finally, Plaintiff's actions against Thomas County, Georgia, Thomas County Sheriff's Office, and Thomas County DFACS may be precluded under 28 U.S.C. § 1915(e)(2)(B)(iii) which provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." At this time, the Court is unable to conclude that Plaintiff's action is frivolous or malicious, that it fails to state a claim on which relief may be granted, or that it seeks monetary relief against any defendant, such as Thomas County, Georgia, Thomas County Sheriff's Office, and Thomas County DFACS, who may be immune from such relief.

Accordingly, it is hereby **ORDERED** that service of Summons and Complaint be made on all Defendants by the United States Marshals Service. *See* Fed. R. Civ. P. 4(c)(2) (providing Court must order service by United States Marshals Service if plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915; *see also* § 1915(d)). All Defendants shall file an Answer, or other response as they deem appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

### D. Conclusion as to Sufficiency of Plaintiff's Complaint

#### 1. *Dismissed Claims and Requests for Relief Denied*

For the reasons stated above, the following claims are **DISMISSED WITHOUT PREJUDICE** and the following requests for relief are **DENIED**:

Counts III and V in their entirety as they only assert claims on behalf of L.G.V-C;

Counts IV and IX to the extent they assert claims on behalf of L.G.V-C;

Count XI in its entirety seeking a declaratory judgment that: (a) every order flowing from the May 13, 2025 removal is void as fruit of the poisonous tree; (b) L.G.V-C. is being held without documented legal authority; (c) Defendants violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985;[4] and (d) Plaintiff's criminal charges arising from protected petitioning activity are constitutionally infirm and must be dismissed.

Plaintiff's requests for (1) an Order requiring the immediate return of L.G.V-C to her custody, (2) a declaratory judgment that every order flowing from the May 13, 2025 removal of L.G.V-C from her custody is constitutionally void, (3) a declaratory judgment that Plaintiff's pending state court criminal charges are constitutionally infirm and must be dismissed, and (4) a public declaration, other than as appropriate in any Order issued by this Court, naming each Defendant and their documented conduct for reporting by any news outlet are **DENIED**.

2. *Claims and Requests for Relief Allows to Proceed*

The following claims are allowed to go forward for further factual development and the following requests for relief remain pending a determination as to Plaintiff's entitlement thereto:

Counts I and IV: claims against Defendants for allegedly violating Plaintiff's Fourteenth Amendment procedural due process rights;

Count II: claim for allegedly violating Plaintiff's Fourteenth Amendment substantive due process/familial association rights;

Count VI: Monell Municipal Liability claims against Thomas County, Thomas County Sheriff's Office and Thomas County DFACS;

Count VII: Plaintiff's First Amendment retaliation claim;

Count VIII: Plaintiff's malicious prosecution and entrapment claims;

Count IX: to the extent it includes Plaintiff's own claim for violation of her Eighth Amendment rights to be free from cruel and unusual punishment; and

[4] Subsection (c) of Count XI is dismissed as duplicative of some of Plaintiff's other Counts.

Count X: Alleged conspiracy claim to deprive Plaintiff of equal protection of the law in violation of § 1985.

Plaintiff's request for (1) compensatory damages, (2) punitive damages, (3) attorney fees and costs pursuant to § 1988, (4) referral of each individual Defendant to various state and federal agencies for investigation of their alleged unlawful conduct, and (5) such other relief as deemed just, proper, and necessary are permitted to go forward pending the Court's determination of the appropriateness of and Plaintiff's entitlement to such relief.

## IV. PLAINTIFF'S TRO SERVICE MOTION

Plaintiff requests that, pursuant to § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), the United States Marshal Service be directed to serve her Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion"). However, to date, Plaintiff has not filed a separate TRO Motion, and while § 1915(d) and Rule 4(c)(3) require service of Summonses and Complaint by the United States Marshal Service if *in forma pauperis* status is granted, service of all other pleadings is the responsibility of the Plaintiff.

Accordingly, Plaintiff's TRO Service Motion (Doc. 3) is **DENIED**.

**SO ORDERED**, this 17th day of August 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**