**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **LISA ANN VAUGHN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO:** |
| **THOMAS COUNTY, GEORGIA, *et al.*,** | : | **7:26-cv-224–WLS** |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

Before the Court is Plaintiff's Motion for Appointment of Counsel (Doc. 15) ("Motion to Appoint"). For the reasons set forth below, the Motion to Appoint is **DENIED**.

Plaintiff is seeking the appointment of counsel to represent her in this action alleging § 1983 actions and state law claims against Defendants related to the removal of her granddaughter, L.G.V-C, from Plaintiff's custody. Plaintiff states she needs counsel but has been unsuccessful in retaining counsel due to her "limited financial resources and the nature of the claims involved." (*Id.* at 2). Plaintiff further states that this is a complex civil rights action and Plaintiff does not have the formal legal training necessary to manage her case. In addition, Defendants have filed a motion to dismiss (Doc. 9) which Plaintiff states she needs legal assistance to appropriately respond to the assertions and legal defenses raised by the Defendants.

The decision to appoint counsel is within the discretion of the courts, and courts should appoint counsel only when the interests of justice or due process so require. *See United States v. Cain*, 827 F. App'x 915, 921 (11th Cir. 2020) (per curiam). Upon review of the Motion to Appoint, the Court finds that Plaintiff has failed to demonstrate that the interests of justice require the appointment of counsel. The Court finds that the lack of legal training does not warrant appointment of counsel. *See also Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (stating that there is no constitutional right to the appointment of counsel). The Court finds that the issues are not so complex that Plaintiff is demonstrably incapable of pursuing relief without the assistance of counsel.

While Plaintiff also requests an extension of any briefing deadlines, that request is for the purpose of allowing appointed counsel sufficient time to review the record and file responses to any pending motions. Plaintiff does not indicate that she intends to continue to seek counsel herself. Thus, the Court views the request for an extension of time to be limited to counsel that may have been appointed by the Court. The Court declines to appoint counsel and thus finds that any request for such an extension is moot.

Accordingly, the Motion for Appointment of Counsel (Doc. 15) is **DENIED WITHOUT PREJUDICE** as to the appointment of counsel and is **DENIED AS MOOT** as to any request for an extension of time with respect thereto. However, the Court will grant Plaintiff the opportunity to seek a reasonable extension of time for her to prepare and file a response to Defendants' motion to dismiss. Plaintiff must file such request not later than **Monday, October 26, 2026**.

**SO ORDERED**, this 16th day of October 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**