**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **LISA ANN VAUGHN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO:** |
| **v.** | : | **7:26-cv-224–WLS** |
| | : | |
| **THOMAS COUNTY, GEORGIA,** ***et al.,*** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

Before the Court is *pro se* Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) ("TRO Motion").[1] Therein, Plaintiff makes substantially the same allegations that she made in her Verified Complaint for Civil Rights Violations (Doc. 1) ("Complaint').[2] As relief in the TRO Motion, Plaintiff requests the Court order that (1) Defendants show cause why her granddaughter, L.G.V-C, should not be returned to Plaintiff's custody pending resolution of this action; (2) the Court order that L.G.V-C be immediately transported and delivered to Plaintiff's residence; (3) the Court order Defendants to produce all Georgia "SHINES" documentation, safety screening records, and kinship assessment records related to L.G.V-C's May 2025 placement; and (4) this matter be set for a preliminary injunction hearing.

Also before the Court is Plaintiff's Notice of Filing and Explicit Request for Rule 65 Injunction Order Based on Georgia Juvenile Code Statutory Violations (Doc. 14). Therein, Plaintiff request the Court immediately rule upon her TRO Motion and "respectfully demands that this Court immediately exercise its authority under 42 U.S.C. § 1983 and Federal Rule of

[1] Plaintiff states "[t]his is a renewed motion; Plaintiff's prior emergency motion was denied on procedural grounds only and was not adjudicated on the merits." (Doc. 7 at 1). However, the Court found that Plaintiff's prior motion (Doc. 3) requested that the United States Marshals Service be directed to serve a TRO motion, but that such motion had not been separately filed at that time. (*See* Order Doc. 4 at 10). Thus, the current TRO Motion (Doc. 7) is the only such motion filed by Plaintiff in this case.

[2] The Court set out the facts of this matter in detail in its Order (Doc. 4) entered August 17, 2026, addressing the sufficiency of the claims in the Complaint under 28 U.S.C. § 1915.

Civil Procedure 65 to order the immediate dissolution of the state's unauthorized hold, bypass the noncompliant county entities, and command the Defendants to immediately return and physically deliver [L.G.V-C] directly to Plaintiff's home address." (Doc. 14 at 1).

In deciding whether to grant the TRO, the Court considers whether the Plaintiff has established the following four factors: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

The Court has already determined that it lacks jurisdiction to grant Plaintiff's request that this Court order the immediate return of L.G.V-C to Plaintiff's custody. Specifically, the Court found "that to the extent Plaintiff's Complaint seeks to challenge final judgments entered by the Thomas County Juvenile Court or such other state court orders, Plaintiff's claims with respect thereto must be dismissed for lack of jurisdiction under the *Rooker-Feldman* Doctrine." (Doc. 4 at 6–7). As relevant here, the Court denied Plaintiff's requests for an Order requiring the immediate return of L.G.V-C to her custody, and a declaratory judgment that every order flowing from the May 13, 2025 removal of L.G.V-C from her custody is constitutionally void. The Court dismissed in its entirety Count XI which related to these requests for relief. (*Id.* at 9).

Upon full review of Plaintiff's TRO Motion and the Record in this matter,[3] the Court finds that Plaintiff has not established the elements for the issuance of a TRO. Her motion essentially restates the allegations in her Complaint and as noted above, the claims alleging that L.G.V-C was illegally removed from Plaintiff's custody, those requesting this Court order L.G.V-C's immediate return to Plaintiff's custody, and related arguments have been dismissed. The remaining allegations in Plaintiff's Complaint will be decided in due course. Further, Plaintiff has failed to demonstrate a substantial likelihood of succeeding on the merits.

Accordingly, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) is **DENIED**. Further, Plaintiff's demands as stated in her

[3] In addition, the Court notes that Plaintiff's Certificate of Service is undated and there is a notation that the address of Defendant Thomas County, Georgia, has not been confirmed.

Notice of Filing and Explicit Request for Rule 65 Injunction Order Based on Georgia Juvenile Code Statutory Violations (Doc. 14) is **DENIED**.

**SO ORDERED**, this 19th day of October 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**