**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **LISA ANN VAUGHN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO:** |
| **v.** | : | **7:26-cv-224–WLS** |
| | : | |
| **THOMAS COUNTY, GEORGIA, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

By Order (Doc. 4) entered August 17, 2026, the Court granted *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) ("IFP Application"). In Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) ("TRO Motion"), Plaintiff states that she "founded ITZITart Corporation, a Georgia-registered 501(c)(3) nonprofit organization (EIN 33-3012764) providing emergency financial assistance to working families experiencing medical crises, and purchased two homes while receiving disability income."[1] While Plaintiff disclosed her interest in ITZITart in her Complaint, such interest was not disclosed in her IFP Application. Nor was any interest in two homes or the value of such homes, whether owned by her corporation or individually, disclosed in her IFP Application. This information is relevant to the Court's determination of whether Plaintiff was entitled to be exempt from prepaying the filing fee in this case under 28 U.S.C. § 1915(a).

Accordingly, **on or before Monday, November 2, 2026**, Plaintiff shall file an amended IFP Application disclosing her ownership interest in ITZITart, including any payments or benefits received therefrom, and any other assets not listed in her original IFP Application, the value of the homes referenced in her TRO Motion, any debt secured by the homes, and whether the homes are titled in her, ITZITart's, or another person's name. The

[1] (*See* TRO Motion at 6 (disclosing quoted language in Section IV titled "Plaintiff's Documented Fitness . . ." apparently attempting to show Plaintiff is financially able to provide a home for her granddaughter, L.G.V-C.).

amended IFP Application shall further disclose the value of ITZITart. Upon receipt and review of Plaintiff's amended IFP Application, the Court will determine whether it is necessary to amend its August 17, 2026 Order granting Plaintiff's IFP Application.

**SO ORDERED**, this 19th day of October 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**