**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **LISA ANN VAUGHN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CASE NO:** **7:26-cv-224—WLS** |
| **THOMAS COUNTY, GEORGIA, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

On November 18, 2026, Defendants Georgia Department of Human Services, for its Division of Family and Children Services, Taya Bowling, Brandy England, Yolanda Gurly, Alicia Jackson, Taylor Titus, and Ulexia West ("GDHS Defendants"), filed a Motion to Dismiss (Doc. 24). Plaintiff Lisa Ann Vaughn filed this action *pro se*. The Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion to dismiss. Hence, in an effort to ensure and afford Plaintiff adequate notice regarding the GDHS Defendants' Motion to Dismiss, the Court issues the instant Order. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit her arguments to this Court by filing a brief, not exceeding 20 pages, in opposition to the GDHS Defendants' Motion to Dismiss. M.D. Ga.

L.R. 7.4. Furthermore, the Court's resolution of a motion to dismiss could result in granting judgment, and there would be no trial or further proceedings as to the GDHS Defendants.

As Plaintiff is proceeding *pro se*, the Court shall permit Plaintiff an opportunity to file a Response to GDHS Defendants' Motion to Dismiss, if she desires, within **twenty-one (21) days** of this Order, or on or before **Tuesday, December 15, 2026**. Thereafter, the Court will consider the GDHS Defendants' Motion to Dismiss and any opposition to the same filed by Plaintiff and issue its ruling. Plaintiff is noticed that if the GDHS Defendants' Motion to Dismiss is granted, Plaintiff's Complaint may be dismissed without further notice or proceeding as to the GDHS Defendants.

Plaintiff is further noticed that upon a timely written motion for a reasonable time to obtain counsel, the Court will consider the same before addressing the GDHS Defendants' Motion. Otherwise, Plaintiff is entirely responsible for filing a timely response to the GDHS Defendants' Motion (Doc. 24) in compliance with this Order and the Federal Rules of Civil Procedure.

**SO ORDERED**, this 24th day of November 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**